[Civ. No. 4472. Second Appellate District, Division Two.—July 1, 1927.]

JOHN H. DAILEY, Appellant, v. ANDREW GLASSELL, Respondent.

Willedd Andrews for Appellant.

Joseph E. Hannon, *Amicus Curiae*, for Respondent.

MURPHEY, J., *pro tem.*—The trial court sustained a demurrer to plaintiff's first amended complaint. Plaintiff failed to further amend within the time prescribed, which resulted in a judgment of dismissal from which this appeal is prosecuted. At the hearing before this court on the May calendar the death of the defendant and respondent was suggested by his attorney who appeared in the trial court. No reply brief or other appearance having been made in this court. No substitution of the parties has been made in this court.

It was the contention of the respondent at the hearing in this court that the cause of action does not survive his death. The court ordered this matter submitted upon briefs, ten, ten, and five, and directed the appellant, within that time,

to take such steps as are prescribed by law to effectuate a substitution of parties. Respondent filed his opening brief as directed by the court but no action has been taken by the appellant. No brief has been filed and no move has been made to substitute a party in the place and stead of the deceased respondent. Under such circumstances, two months having elapsed, it is our judgment that the appellant has abandoned his appeal. ▮ An inspection of the record, however, satisfies us that in reaching this conclusion the appellant has not suffered the loss of any substantial right and that the trial court was clearly right in its ruling on the demurrer. The action is predicated upon a demand for the specific performance of the following paragraph of a contract of purchase and sale of real property: "The seller agrees to install free of charge to the purchaser graded and oiled streets and also water mains to each lot." It is apparent on its face that this language is so indefinite and uncertain as to requirements and utterly lacking in essential particulars as to be specifically unenforceable.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.